**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**RUSSELL D. TOWNER,**

                    **Plaintiff,**                    **3:15-cv-963**
                                                      **(GLS/DEP)**

          **v.**

**PATRICK HOGAN et al.,**

                    **Defendants.**

_____

## ORDER

On February 15, 2019, Magistrate Judge David E. Peebles filed a

Report and Recommendation (R&R), (Dkt. No. 167), which recommends

that defendants' motion for summary judgment, (Dkt. No. 159), be denied.

Pending are defendants' objections to the R&R.  (Dkt. No. 168.)

Although defendants list a host of objections to the R&R, (*id.* at 1),

the root of their objections is grounded in Judge Peebles' finding that there

are questions of fact regarding probable cause and defendants' personal

involvement, as well as his refusal to consider their qualified immunity

arguments.  (*See generally id.*)

First, the portion of defendants' objections relating to whether there

was probable cause to arrest and prosecute plaintiff Russell D. Towner,

(*id.* at 6-14), merely rehashes arguments previously made to Judge

Peebles, (Dkt. No. 159, Attach. 21 at 4-11), and is thus a general

objection, which triggers review for clear error only.  *See Almonte v. N.Y.*

*State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *5-6

(N.D.N.Y. Jan. 18, 2006).  After reviewing this part of the R&R, there is no

apparent, let alone clear, error in Judge Peebles' appropriate application of

the probable cause inquiry at this stage.  (Dkt. No. 167 at 16-17, 20-32.)

The remainder of defendants' objections are appropriately

characterized as specific objections and warrant *de novo* review.  *See*

*Almonte*, 2006 WL 149049, at *4-6.

Defendants object to Judge Peebles' finding that defendants'

personal involvement in the alleged constitutional violations could not be

resolved at the summary judgment stage.  (Dkt. No. 168 at 22-25.)

However, Judge Peebles properly found that defendant Patrick Hogan "laid

the groundwork for the signing and filing of the accusatory instrument

against [Towner]" through his participation in the April 10, 2014 interview,

his initiation of the May 8, 2014 interview, his consultation with the Tioga

County District Attorney's Office, his decision that Towner should be

arrested, and his request of defendant Alexander to draft and sign the

2

accusatory instruments.  (Dkt. No. 167 at 34, 35.)  The court disagrees with

defendants' contention, (Dkt. No. 168 at 23), that Hogan's affidavit—which

states that he had no personal involvement *after* Towner's

arrest—precludes a finding that he initiated Towner's prosecution.  *See*

*Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010) (holding

detective initiated plaintiff's prosecution where he actively participated in

investigation and collaborated with prosecutor in effort to ultimately bring

criminal charges).  Given Hogan's active role in the investigation and

collaboration with the District Attorney's Office leading up to the charge

brought against Towner, Judge Peebles properly found that any lack of

involvement on Hogan's part after Towner's arrest was not enough to allow

the court to conclude as a matter of law that "the decision made by the

prosecutor to bring criminal charges was independent of any pressure

exerted by [Hogan]."  (Dkt. No. 167 at 34 (quoting *Hartman v. Moore*, 547

U.S. 250, 263 (2006) (internal footnote omitted)).)  As such, defendants'

objection related to Hogan's personal involvement is rejected.

   Furthermore, Hogan and defendant C.J. Alexander's role in drafting

and signing the accusatory instrument, as pointed out by Judge Peebles,

(Dkt. No. 167 at 35), is sufficient to allow a reasonable jury to find both

officers' personal involvement in the alleged constitutional deprivations. *See Llerando-Phipps v. City of New York*, 390 F. Supp. 2d 372, 382-83 (S.D.N.Y. 2005) (finding police officers may initiate criminal proceedings by having plaintiff arraigned, filling out complaining and corroborating affidavits, or signing accusatory instruments). As such, defendants' objection related to Alexander, (Dkt. No. 168 at 24), is also rejected. To the extent that defendants argue that "[Judge Peebles] assumed the argument specific to . . . Alexander was that he did not personally participate in the arrest and prosecution, rather than that he was privy to a much more circumscribed set of facts for purposes of the probable cause analyses," (*id.*), the court finds no error with Judge Peebles' probable cause analysis, as noted above.

Next, defendants tersely argue, for the same reasons as Hogan, Wayne Moulton was not personally involved in initiating Towner's prosecution. (Dkt. No. 168 at 23.) However, the court would have exercised the same discretion as Judge Peebles—considering that the false arrest and conspiracy claims against Moulton remain—in finding that Moulton's "significant involvement in the investigation" leading up to his arrest, sufficiently "laid the groundwork for [Towner]'s . . . prosecution."

4

(Dkt. No. 167 at 35.)  As such, defendants' objection related to Moulton's

personal involvement is rejected.

Lastly, defendants argue that Judge Peebles should have considered

their qualified immunity arguments, but, in any event, they argue that the

court has discretion to now consider their arguments.  (Dkt. No. 168 at

15-21.)  However, in light of the fact that defendants did not raise these

arguments until their reply papers—as noted by Judge Peebles, (Dkt. No.

167 at 20 n.8),—he appropriately declined to consider these arguments.

*See Tillery v. N.Y. State Office of Alcohol and Substance Abuse Servs.*,

No. 1:13–CV–1528, 2014 WL 2434954, at *3 n.6 (N.D.N.Y. May 30, 2014);

*Nuss v. Sabad*, 976 F. Supp. 2d 231, 246 n.5 (N.D.N.Y. 2013).  The court

disagrees with defendants' contention that alluding to defendants'

reasonableness in believing probable cause existed was sufficient to

properly raise the question of qualified immunity in their initial

memorandum of law.  (Dkt. No. 168 at 16 (citing Dkt. No. 159, Attach. 21 at

8-9).)  To be sure, although defendants devoted nearly half a page to

quotes from *Pulp Fiction*, (Dkt. No. 168 at 10), they did not once mention

the term qualified immunity.  Given that defendants are represented by

counsel and not entitled to the liberality reserved for *pro se* litigants, Judge

5

Peebles properly construed their initial motion papers as failing to raise a qualified immunity argument.

Furthermore, the court is skeptical that the questions of material fact precluding summary judgment in the probable cause context, (Dkt. No. 167 at 25-30), do not also foreclose a finding of qualified immunity at this stage. *See Jones v. Howard*, 6:15-cv-902, 2018 WL 3432713, at *3 (N.D.N.Y. July 16, 2018) (declining to address qualified immunity at summary judgment stage despite "strong argument that defendants had at least arguable probable cause," in part because there were "pertinent factual issues to resolve"); *Hillary v. Village of Potsdam*, No. 7:12–cv–1669, 2015 WL 902930, at *6 (N.D.N.Y. Mar. 3, 2015) (finding resolution of a disputed fact "crucial to any analysis of probable cause—or arguable probable cause, in the qualified immunity context"). Therefore, the court declines defendants' invitation to exercise its discretion to allow them a second crack at qualified immunity. However, defendants are free to renew their arguments in connection with trial.

Accordingly, it is hereby

**ORDERED** that the Report and Recommendation (Dkt. No. 167) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 159) is **DENIED**; and it is further

**ORDERED** that this case is deemed trial ready and a scheduling order will be issued in due course; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

March 28, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge