**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

RUSSELL D. TOWNER,

                                Plaintiff,                     3:15-cv-00963 (BKS/ML)

v.

PATRICK HOGAN, WAYNE MOULTON, C.J. ALEXANDER

                                Defendants.

**Appearances:**

*For Plaintiff:*
Ronald R. Benjamin
Law Office of Ronald R. Benjamin
126 Riverside Drive
P.O. Box 607
Binghamton, NY 13902

*For Defendants:*
Charles C. Spagnoli
The Law Firm of Frank W. Miller
6575 Kirkville Road
East Syracuse, NY 13057

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Russell D. Towner brings this action under 42 U.S.C. § 1983 alleging that Defendants Patrick Hogan, Wayne Moulton, and C.J. Alexander ("Defendants"), investigators with the Tioga County Sheriff's Department, subjected him to false arrest and malicious prosecution in violation of the Fourth Amendment and that Defendants conspired to commit these constitutional violations. (Dkt. No. 122).

Before the Court are the parties' motions in limine, (Dkt. Nos. 189-10, 194), and Defendants' response to Plaintiff's motion in limine. (Dkt. No. 197).[1] Plaintiff moved to preclude Defendants from introducing any of his prior criminal convictions; any evidence of his incarceration prior to May 8, 2014; and evidence of the issuance of a warrant on May 9, 2014. (Dkt. No. 194, at 2). With respect to the warrant issued on May 9, 2014, for grand larceny, Plaintiff argued that the time he served from May 9, 2014 to September 4, 2014 was not credited to his sentence for grand larceny, and that his incarceration during that time was thus solely as a result of Defendants' alleged conduct in this case. (*Id*. at 3).

Defendants moved to admit (1) Plaintiff's prior convictions, and moved to preclude Plaintiff from introducing (2) certain testimony by Plaintiff's criminal defense lawyer Allen Stone; (3) evidence as to the credibility or intent of Defendants to attack the existence of probable cause to arrest Plaintiff for conspiracy in the second degree; (4) evidence related to legal theories and damages calculations not disclosed during discovery; (5) Plaintiff's testimony regarding Defendants' motives; (6) designated portions of various deposition transcripts; and (7) evidence of Plaintiff's lost wages. (Dkt. No. 189-10). As explained below, at the September 4, 2019 pretrial conference, the parties reached agreements as to most of the above evidentiary issues.

## II.  DISCUSSION

### A.  Plaintiff's Prior Criminal Convictions

Plaintiff initially argued that his prior convictions should not be admitted because their "probative value is substantially outweighed by their prejudicial effect" and that it is "going to be

---

[1] Plaintiff did not respond to Defendants' motion in limine.

2

painfully obvious plaintiff has a criminal record by virtue of the fact that he was already incarcerated at the time of the events leading to the instant action." (Dkt. No. 194, at 1–2).

Defendants, by contrast, moved to introduce seven of Plaintiff's prior convictions: two third-degree grand larceny convictions, two first-degree scheme to defraud convictions, a conviction for forgery in the second degree, and two convictions for second-degree possession of a forged instrument. (Dkt. No. 189-10, at 6). Defendants moved to admit Plaintiff's prior convictions for impeachment purposes as well as on the ground that the convictions are relevant to issues in the case, including probable cause and damages. (*Id.* at 4–7).

During the pretrial conference, Plaintiff agreed to withdraw any objections relating to the admissibility of Plaintiff's prior convictions, subject to any limiting instructions Plaintiff may submit at trial.[2] Accordingly, the parties' motions are denied as moot.

### B. Plaintiff's Second Argument in His Motion in Limine

Plaintiff argues that after he was arrested, convicted, and sentenced for his most recent grand larceny charge he never received credit for the time he served as a result of Defendants' alleged conduct in this case. (Dkt. No. 194, at 3). Such evidence would be relevant to Plaintiff's claim for damages. Defendants argue that the damages issue is for the jury, not appropriate for resolution on a motion in limine. (Dkt. No. 197, at 4). In any event, at the pretrial conference Plaintiff acknowledged that he does not currently have any evidence to support his assertion and that absent such evidence there is no basis for his motion. Consequently, Plaintiff's second motion in limine is denied without prejudice.

---

[2] Plaintiff also withdrew his motion to preclude evidence of his incarceration prior to May 8, 2014; most of the evidence in this case concerns meetings and actions taken by Plaintiff while he was incarcerated.

3

## C. The Testimony of Plaintiff's Criminal Defense Lawyer, Allen Stone

Defendants seek to preclude Allen Stone, Plaintiff's criminal defense attorney, from providing testimony regarding Plaintiff's April 10, 2014 interview with Defendants Hogan and Moulton. Defendants seek to exclude Stone's testimony because (1) it would be "repetitive . . . and a waste of time" as an undisputedly "complete and accurate" videotaped recording and transcript of the interview will be offered into evidence; (2) any testimony Stone would provide regarding the "significance or meaning of what was said during the interview" would be improper expert testimony likely to confuse the jury; and (3) Stone's ethical obligations to Plaintiff would render his testimony "necessarily self-serving." (Dkt. No. 189-10, at 3-4).

Under Rule 701, a lay witness's testimony "in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *United States v. Yannotti*, 541 F.3d 112, 125 (2d Cir. 2008) (quoting Fed. R. Evid. 701). Lay opinion "must be the product of reasoning processes familiar to the average person in everyday life." *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005) (quoting Fed. R. Evid. 701(c), Advisory Committee Notes to 2000 Amendments). By contrast, if the opinion of a witness "rests in any way upon scientific, technical, or other specialized knowledge, its admissibility must be determined by reference to Rule 702," which governs the admission of expert witness testimony. *United States v. Haynes*, 729 F.3d 178, 195 (2d Cir. 2013) (quoting *Garcia*, 413 F.3d at 215).

Moreover, Rule 701(c) exists to "'prevent a party from conflating expert and lay opinion testimony thereby conferring an aura of expertise on a witness without satisfying the reliability standard for expert testimony set forth in Rule 702 and the pretrial disclosure requirements set

4

forth' in Federal Rule of Civil Procedure 26." *DVL, Inc. v. Niagara Mohawk Power Corp.*, 490 F. App'x 378, 380–81 (2d Cir. 2012) (quoting *Garcia*, 413 F.3d at 215). Here, as in *DVL*, Plaintiff "never designated [Stone] as an expert." *Id.* at 381. Thus, Plaintiff may not elicit expert testimony from Stone. *Id.* at 381–82 (citation omitted).

The parties plan to submit an edited version of the April 10, 2014 videotaped interview between Plaintiff and Defendants Hogan and Moulton at which Stone was also present. The Court will reserve its decision on this motion until having reviewed the videotape and received a proffer from Plaintiff about what he intends to elicit from Stone. *See United States v. Abdalla*, 346 F. Supp. 3d 415, 419 (S.D.N.Y. 2018) (declining to limit "preemptively testimony regarding the contents of [an] Audio Recording" but noting that to the extent "the Government fails at trial to establish the requirements of Rules 602 or 701, Defendant may renew his objection to the testimony"). Stone may not, for example, opine on whether he thought Plaintiff was acting as an informant. *See*, *e.g.*, *Constantinou v. United States*, No. 3:16-CV-608, 2017 WL 8776958, at *13, 2017 U.S. Dist. LEXIS 194351, at *38 (D. Conn. Nov. 17, 2017) (noting that a witness's testimony about another person's state of mind would violate Fed. R. Evid. 602, which requires witness testimony to be based on personal knowledge). Stone did, however, have personal knowledge of the conversation, having himself participated in at least some portions of the conversation. However, without reviewing the videotaped interview and the proffered testimony, a ruling at this time with respect to any additional proffered testimony from Stone is premature. *See, e.g., United States v. Aiello*, 864 F.2d 257, 265 (2d Cir. 1988) (admitting lay testimony for the purpose of clarifying audiotape where "language on the tape[ ] [was] sharp and abbreviated, composed with unfinished sentences and punctuated with ambiguous references to events that are clear only to [the conversants]" (quoting *United States v. De Peri*, 778 F.2d 963,

977 (3d Cir. 1985))); *United States v. Lumiere*, 249 F.Supp.3d 748, 755 (S.D.N.Y. 2017) (admitting testimony from a participant in a recorded conversation interpreting the recording when the testimony "would be helpful to the jury within the meaning of Rule 701"). However, to the extent Mr. Stone's testimony would be cumulative of the videotape or constitute expert testimony, the Court will not allow it to be introduced. *United States v. Jamil*, 707 F.2d 638, 643 (2d Cir. 1983) ("Evidence is cumulative when it replicates other admitted evidence, and the exclusion of relevant, but cumulative, evidence is within the discretion of the trial court.") (citations omitted); *Garcia*, 413 F.3d at 217 (holding testimony based on witness's "specialized training" was "not admissible [as lay testimony] under Rule 701"). Consequently, the Court reserves ruling on this issue until trial.

### D. Credibility Evidence Relating to Probable Cause and "Arguable" Probable Cause

Next, Defendants moved to preclude Plaintiff from offering evidence regarding Defendants' "credibility or intent" related to whether there was probable or "arguable" probable cause to arrest Plaintiff for conspiracy in the second degree. (Dkt. No. 189-10, at 7–8). Defendants argued that, because whether probable cause or "arguable" probable cause existed is "a wholly objective inquiry depending on the facts available to an officer at the time of arrest or prosecution of an individual," Plaintiff should be precluded from introducing "evidence or testimony as to Defendants' intent or credibility in relation to these issues." (*Id.* at 7). At the pretrial hearing, the Court noted that such evidence may be relevant to, for instance, malice or a determination of punitive damages. The Court accordingly denies this motion at this time, without prejudice to Defendants' right to object to specific evidence at trial.

### E. Evidence Regarding Damages or Deprivations of Liberty Not Disclosed in Response to Defendants' Discovery Demands

Next, Defendants argued that Plaintiff should not be permitted to introduce evidence relating to deprivations of liberty or damages that he failed to identify during discovery. (Dkt. No. 189-10, at 9–10). Defendants pointed out that in their First Set of Interrogatories, Plaintiff was requested to identify "each and every act or conduct that Plaintiff alleges constituted false arrest . . . or malicious prosecution." (Dkt. No. 189-10, at 9). Plaintiff responded that he "was arrested without probable cause and that he did not commit any crime" even though Defendants "knew or should have known that upon placing him under arrest he was not guilty of committing any crime" and that in fact Defendants had "enlisted him to assist in gathering evidence against David Nugent to bring charges against him for conspiring to murder Assistant District Attorney Cheryl Mancini." (Dkt. No. 189-3, at 1). Defendants contended that Plaintiff should be limited to the responses he provided in this interrogatory, which he has not supplemented during this litigation. Following a discussion of the complete discovery responses, and Plaintiff's argument that the discovery responses were sufficient, Defendants agreed to withdraw the motion. Thus, Defendants' motion is denied as moot.

### F. Hearsay and Speculative Testimony Regarding Defendants' Motives

Defendants moved to preclude Plaintiff from introducing testimony from his examination pursuant to General Municipal Law § 50-h where, according to Defendants, he testified, in substance, that Defendants "were motivated to retaliate against him because he successfully assisted other prisoners obtain dismissal of their charges." (Dkt. No. 189-10, at 10). Defendants argue that this testimony should be excluded because it is "hearsay and naked speculation." (*Id.*). They also seek to prevent Plaintiff from offering "similar testimony at trial." (*Id.*).

At the pretrial conference, Plaintiff agreed not to seek to introduce this testimony. Accordingly, Defendants' motion is denied as moot.

### G. Designated Portions of Deposition Transcript

Defendants moved to preclude Plaintiff from admitting certain portions of deposition testimony. (Dkt. No. 189-10, at 12–13). At the pretrial conference, Plaintiff represented that he would only be seeking to admit deposition testimony for impeachment purposes. Accordingly, to the extent that Plaintiff seeks to introduce any of that testimony, the Court will consider Defendants' objections at trial. Accordingly, the motion is denied without prejudice to renewal at trial.

### H. Evidence of Lost Wages

Finally, Defendants moved to preclude Plaintiff from introducing evidence of lost wages. (Dkt. No. 189-10, at 13). Plaintiff represented at the pretrial conference that he is not seeking damages for lost wages. Accordingly, Defendants' motion is denied as moot.

## III. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's Motion in Limine (Dkt. No. 194) is **DENIED**; and it is further

**ORDERED** that Defendants' Motion in Limine (Dkt. No. 189-10) is **DENIED**, with the exception of the rulings on Stone's testimony that are reserved for trial.

**IT IS SO ORDERED.**

Dated: September 9, 2019
Syracuse, New York

Brenda K. Sannes
U.S. District Judge